UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-86-B-W |
| | ) | |
| BONNY L. REYNOLDS, | ) | |
|   A/K/A Bonny Hutchins, Bonny House, | ) | |
|   and Bonny Buzzell | ) | |

**ORDER DENYING MOTION FOR RELEASE ON CONDITIONS**

On March 23, 2009, Bonny Reynolds moved for release from custody on conditions. The Court denies the motion without prejudice, because it determines that at present there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant as required and the safety of others and the community.

**I.     STATEMENT OF FACTS**

On December 11, 2007, a federal grand jury issued an indictment charging Bonnie Reynolds with two violations of federal criminal law: Count One alleges possession of two firearms after having been committed to a mental institution in violation of 18 U.S.C. § 922(g)(4); and, Count Two alleges possession of one firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). *Indictment* (Docket # 3). Ms. Reynolds was arrested on February 15, 2008 and upon an initial appearance before the Magistrate Judge the same day, she was ordered temporarily detained. *Arrest Warrant Returned Executed* (Docket # 7); *Mot. of the United States for Detention* (Docket # 8); *Order of Temporary Detention* (Docket # 11). The Magistrate Judge released Ms. Reynolds on a $5,000 unsecured bond with standard and special conditions on February 19, 2008. *Order Setting Conditions of Release* (Docket # 15). On February 26, 2008, the Government moved to revoke the Order of Release, alleging Ms.

Reynolds violated conditions of her release. *Ex-Parte Mot. for Revocation of Order of Release and for Issuance of a Warrant for Arrest* (Docket # 17). Ms. Reynolds was arrested on February 27, 2008 and the next day the Magistrate Judge issued an Amended Order of Release, imposing additional conditions. *Am. Order Setting Conditions of Release* (Docket # 22). On April 3, 2008, the Government moved to revoke the Amended Order of Release, asserting a new set of violations. *Mot. for Revocation of Order of Release and for Detention or Modification of Conditions of Release* (Docket # 32). A hearing on a pending motion to suppress and on the motion for revocation was scheduled for April 29, 2008; Ms. Reynolds failed to appear. The Magistrate Judge granted the motion to revoke and issued an arrest warrant. *Order* (Docket # 34); *Arrest Warrant* (Docket # 36). Ms. Reynolds was re-arrested on April 30, 2008 and since then, has been detained. *Order of Revocation and Detention Pending Trial* (Docket # 40).

On May 2, 2008, the Government moved for a competency hearing and psychological or psychiatric evaluation. *Gov't's Mot. for Competency Hr'g and for Psychological or Psychiatric Examination of Def.* (Docket # 41). On May 14, 2008, the Magistrate Judge granted the Government's motion in part and ordered a psychological evaluation. *Order on the Gov't's Mot. for Competency Hr'g and for Psychological or Psychiatric Examination* (Docket # 45). Upon referral and following a hearing, the Magistrate Judge recommended that the Court conclude that Ms. Reynolds was then suffering from a mental disease or defect rendering her unable to assist properly in her defense. *Recommended Decision* (Docket # 53). On July 30, 2008, the Court accepted the Recommended Decision and committed Ms. Reynolds to the custody of the Attorney General for hospitalization in a suitable facility to allow her to attain the capacity to permit trial. *Order* (Docket # 56).

The Court received a psychiatric report on February 2, 2009 and held a competency hearing pursuant to 18 U.S.C. § 4247(d) on March 16, 2009.  The Court found that Ms. Reynolds had recovered to the extent that she was able to understand the nature and consequences of the proceedings against her and to assist properly in her defense.  *Minute Entry* (Docket # 60); 18 U.S.C. § 4241(e).  One week later, on March 23, 2009, Ms. Reynolds filed the pending motion for release on conditions.  *Def.'s Mot. for Release on Conditions* (Docket # 62).  The next day, the Court held a combined hearing on the pending motion to suppress and the motion for release.  At the close of the hearing, the Court urged the parties to explore whether there were any alternatives to incarceration that would allow Ms. Reynolds' release and would at the same time reasonably assure her presence as required and the safety of others and the community.  On April 10, 2009, the parties appeared at a conference of counsel and confirmed that they had been unable to find a suitable alternative.  *Minute Entry* (Docket # 67).  This Order follows.

**II.     DISCUSSION**

    **A.     Legal Standards**

Section 3142 sets forth the standards to determine whether a person charged with a federal crime may be detained pending trial.  18 U.S.C. § 3142; *United States v. Dillard*, 214 F.3d 88, 90-91 (2d Cir. 2000).  Under the Bail Reform Act, a defendant arrested on criminal charges may be detained pretrial only pursuant to subsection (e).  18 U.S.C. § 3142(a)(4).  Subsection (e) states that a person may be detained if the judicial officer finds after a hearing under subsection (f), that no condition or combination of conditions will reasonably assure the "appearance of the person as required and the safety of any other person and the community."  *Id.* § 3142(e)(1).  Subsection (f) lists specific cases in which the Government may seek pretrial detention.  Included are cases, like Ms. Reynolds', that involve "the possession or use of a

firearm." *Id*. § 3142(f)(1)(E).  The Government must prove the risk of flight by a preponderance of the evidence.  *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Rivera Cruz*, 363 F. Supp. 2d 40, 41 (D.P.R. 2005).  It must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.  *United States v. Mantecon-Zayas*, 949 F.2d 548, 551 (1st Cir. 1991); *Rivera Cruz*, 363 F. Supp. 2d at 41; 18 U.S.C. § 3142(f).

In Ms. Reynolds' case, the Government satisfied its burden before the Magistrate Judge, an Order of Detention issued, and Ms. Reynolds now moves, essentially, for reconsideration. The Bail Reform Act offers her two choices:  motion for review under section 3145(b), or motion to reopen under section 3142(f).  *See United States v. Rebollo-Andino*, No. 09-1133, 2009 U.S. App. LEXIS 4718, *2-5 (1st Cir. Mar. 6, 2009).  As Ms. Reynolds notes, section 3142(f) provides for reopening of a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  Because she argues that changed circumstances warrant her release, the Court construes her motion as one to reopen the detention hearing, not for *de novo* review of the Magistrate Judge's May 2, 2008 Order of Detention.

    **B.**    **The Statutory Criteria**

In reaching its decision, the Court has applied the statutory criteria in 18 U.S.C. § 3142(g):

>   **1.**    **The Nature and Circumstances of the Offense, Including Whether the Offense Involved Firearms—18 U.S.C. § 3142(g)(1)**

Ms. Reynolds stands charged in Count One with possession of two firearms by a person previously committed to a mental institution and in Count Two with possession of one firearm with an obliterated serial number. *Indictment* (Docket # 3). The firearms are alleged to have been an FIE Model Tex 22, .22 caliber revolver and a Ruger, New Model Single Six, .22 caliber revolver; the Indictment charges that the Ruger's serial number was obliterated. *Id.* Although the Government alleges illegal possession of the firearms, it does not allege improper use of the firearms.

### 2. Weight of the Evidence Against the Defendant—18 U.S.C. § 3142(g)(2)

To prove Count One, the Government must establish that Ms. Reynolds had previously been "committed to a mental institution," 18 U.S.C. § 922(g)(4), and that she possessed a firearm that had been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g). To prove Count Two, the Government must establish that Ms. Reynolds possessed a firearm that had the importer's or manufacturer's serial number removed, obliterated, or altered, and had been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(k).

In weighing the evidence against Ms. Reynolds, the Court considers the evidence the Government presented at the combined detention-suppression hearing. *See id.* § 3142(f) (rules concerning admissibility of evidence in criminal trials do not apply in detention hearings); *United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992) (noting that until a court determines that evidence the defendant seeks to suppress was illegally obtained, it is properly considered under section 3142(g)(2)); *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985) (approving consideration in detention ruling of information obtained via electronic surveillance at least until court determines information was illegally obtained).

At the suppression hearing on March 24, 2009, the Government introduced substantial evidence against Ms. Reynolds. A police officer testified that he found two firearms in her possession. He also explained that soon after he discovered them he learned that Ms. Reynolds had been "blue papered"[1] a month earlier. Furthermore, in opposition to Ms. Reynolds' suppression motion, the Government recited the results of its further investigation into the nature of the firearms, which revealed that both were manufactured outside of Maine and the serial number on one of them was obliterated. *Gov't's Resp. to Def.'s Mot. to Suppress* at 3-4 (Docket # 31). The weight of the evidence is overwhelming.

### 3. The History and Characteristics of the Defendant—18 U.S.C. § 3142(g)(3)(A)

Ms. Reynolds is a person who does reasonably well when she takes her medicine, but remarkably poorly when she does not. This case serves as an example. When earlier released on conditions by the Magistrate Judge, Ms. Reynolds was simply unable to comply with the conditions of release, and her conduct precipitated two Government motions to revoke the Orders of Release. *Ex-Parte Mot. for Revocation of Order of Release and for Issuance of a Warrant for Arrest* (Docket # 17); *Mot. for Revocation of Order of Release and for Detention or Modification of Conditions of Release* (Docket # 32). Ultimately, she failed to appear as required for a hearing on her motion to suppress and the Government's second motion for revocation, giving as an excuse that it was raining. *Order of Revocation and Detention Pending Trial* at 1 (Docket # 40). Soon thereafter, the Court found she was not competent to stand trial.

---

[1] "Pursuant to Maine law an application for involuntary commitment is made through a three-part process, requiring the signatures of three separate endorsers: an applicant, a certifying examiner, and a judicial officer. *See* 34-B M.R.S.A. § 3863. The form used to complete this process is commonly blue in color, hence it is referred to as a 'blue paper.'" *United States v. Smith*, No. 5-73-B-JAW, 2006 U.S. Dist. LEXIS 565, at *1 n.1 (D. Me. Jan. 6, 2006).

*Order* (Docket # 56).  After an extended period of close supervision, treatment, and regular medication, Ms. Reynolds regained her competence.  *Minute Entry* (Docket # 60).

  **4.**  **Whether, at the Time of the Current Offense or Arrest, the Defendant Was on Probation, Parole, or Other Release Pending Trial—18 U.S.C. § 3142(g)(3)(B)**

There is no evidence that at the time of her current offense or arrest, Ms. Reynolds was on probation, parole, or other release pending trial.

  **5.**  **The Nature and Seriousness of the Danger to any Person or the Community that would be Posed by the Person's Release—18 U.S.C. § 3142(g)(4)**

There is no evidence that Ms. Reynolds improperly used either of the firearms that the Government has alleged she possessed in this case.  Nevertheless, the law makes it clear that Ms. Reynolds is an individual who should not possess a firearm; this is especially true if she fails to regularly take her medication.  If she were to obtain a firearm upon release—as she apparently did in the past—her possession of the firearm would pose a danger to other persons and the community.

  **C.**  **No Condition or Combination of Conditions—18 U.S.C. § 3142(e)(1)**

Under 18 U.S.C. § 3142(e)(1), a court, after hearing, shall order a defendant detained if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  Despite their efforts to place Ms. Reynolds in a situation where she would regularly take her medicine and be reasonably restrained, the parties simply have been unable to proffer any reasonable alternative to incarceration.  The parties made a sincere effort.  They researched places of community confinement throughout the state of Maine and also sought placement with a responsible adult

who could reasonably assure consistent monitoring.  They conceded they were unable to identify such a placement.

In the absence of such an alternative, the Court concludes, therefore, that the Government has sustained its burden of demonstrating by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Ms. Reynolds' appearance as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community.  The Court denies the Defendant's motion, however, without prejudice.  If the parties are able to locate a placement for Ms. Reynolds where the Court's concerns about ongoing medication compliance and oversight will be satisfied, Ms. Reynolds is free without prejudice to reinitiate a motion for release with conditions in accordance with the statute.

### III.    CONCLUSION

The Court DENIES the Defendant's Motion for Release on Conditions without prejudice. (Docket # 62).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2009